IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JORGENSON | : CIVIL ACTION |
| | : |
| v. | : NO. 23-473 |
| | : |
| THE UNITED STATES, MIDFIRST | : |
| BANK, KML LAW GROUP, P.C. | : |

## MEMORANDUM

**MURPHY, J.**                                                                                           **March 6, 2023**

Plaintiff Eric Jorgenson,[1] proceeding *pro se*, has filed an action against Defendants MidFirst Bank and KML Law Group, P.C., wherein he appears to seek review of a state court judgment that resulted in the sale of his property as well as a temporary injunction of impending eviction proceedings.  Mr. Jorgenson has also filed a Motion for leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Jorgenson leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**[2]

---

[1]  When the Complaint was filed, Alica Jorgenson was also listed as a Plaintiff even though she did not sign the Complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. (*See* Compl. at 2.)  By Order of the Court filed February 9, 2023, Alica Jorgenson was advised that if she sought to proceed as a Plaintiff in this case, she must sign and return a Declaration form to the Court to cure the deficiency with the Complaint.  (*See* ECF No. 5.)  On February 16, 2023, Alica Jorgenson filed her request to be removed from this case and the Court terminated her as a Plaintiff on February 24, 2023.  (*See* ECF Nos. 6-7.)

[2]  The following factual allegations are taken from the Complaint and publicly available records of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

The written allegations on the form Complaint are sparse.[3] However, based on the Court's review, it appears that Mr. Jorgenson seeks review of state court judgments that resulted in the residential mortgage foreclosure and sale of his real estate property at 41 Walnut Lane in Yardley, Pennsylvania, as well as a stay of impending eviction from that property. Specifically, Mr. Jorgenson contends that the "Court of Common Pleas has not addressed numerous filings showing evidence of fraud committed against [him] and his family" and asserts that the "injuries and damages that have been perpetrated against [him] and [his] family are compounding daily." (*See* Compl. (ECF No. 2) at 1.)[4] Mr. Jorgenson also avers "[f]raud in the [c]onstruct of the [c]ontract," "incomplete documentation in the original documents and subsequent transfers," and "illegal and criminal sale" of his property. (*Id.* at 2.) Mr. Jorgenson also requests that this Court issue a "temporary injunction from taking any further action." (*See* Compl. at 3.)

Public records confirm that MidFirst Bank[5] filed a mortgage foreclosure action against Eric and Alica Jorgenson in 2019, which resulted in a judgment in favor of MidFirst Bank, and a sale of the property at 41 Walnut Lane on or about July 8, 2022. *MidFirst Bank v. Jorgenson*, No. 2019-05222 (Bucks C.P.); https://propublic.buckscountyonline.org/PSI/v/detail/Case/6143305 (last visited March 2, 2023). Public records also reflect that on September 9, 2022, MidFirst Bank filed an ejectment action

---

[3] Mr. Jorgenson filed his case using a form complaint for claims brought in the United States Court of Federal Claims, which he appeared to modify for this Court. The Court understands that the inclusion of the United States as a Defendant was as a result of the form used, and not because Mr. Jorgenson intended to raise claims against the United States. Further, to the extent there are any other form allegations related to the Court of Federal Claims contained in the Complaint, the Court will disregard those allegations because they are not germane to this lawsuit.

[4] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[5] The state court dockets indicate that MidFirst Bank is represented by Michael Timothy McKeever, Esquire of the KML Law Group, P.C.

2

against Eric Jorgenson and any and all current occupants of 41 Walnut Lane, which resulted in a judgment in MidFirst Bank's favor on or about December 2, 2022.  *MidFirst Bank v. Jorgenson*, No. 2022-04491 (Bucks C.P.);

https://propublic.buckscountyonline.org/PSI/v/detail/Case/6239934 (last visited March 2, 2023).  An eviction from the property is currently scheduled for March 9, 2023.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Mr. Jorgenson leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mr. Jorgenson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  Additionally, the Court must dismiss the matter if it determines that the Complaint fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

### III.    DISCUSSION

#### A.    The Claims are Barred by the *Rooker-Feldman* Doctrine

The thrust of Mr. Jorgenson's Complaint is that proceedings in state court resulted in erroneous judgments against him that led to the sale of his property at a Sheriff's sale and his impending eviction from the home. Based on these contentions, it is apparent to the Court that Mr. Jorgenson seeks review or reversal of the state court's judgments. However, the Court lacks jurisdiction over Mr. Jorgenson's claims seeking review of state court judgments.

"The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). The United States Court of Appeals for the Third Circuit has also specifically held that "the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (quoting *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)).

The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citation omitted); *see also Otto v. Judiciary Courts of N.J.*, No. 17-3424, 2018 WL 452161, at *4 (D.N.J. Jan. 16, 2018) (stating that *Rooker-Feldman* prohibits federal courts from addressing any claims "that were previously adjudicated in, or are inextricably intertwined with, that state foreclosure proceeding"); *Anise v. JPMorgan Chase Bank Nat'l Ass'n*, No. 16-8125, 2017 WL 2909758, at *4, (D.N.J. July 5, 2017) ("The *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments") (quoting *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014)).

As noted above, Mr. Jorgenson appears to seek review, if not reversal, of the state court's judgment authorizing the sale of his property because the state court refused to address "evidence of fraud," "incomplete documentation," and "an illegal and criminal sale of [his] property." (*See* Compl. at 2.) Since Mr. Jorgenson seeks review and rejection of adverse state-court judgments that became final prior to the filing of his Complaint in this case, the *Rooker-Feldman* doctrine deprives the Court of jurisdiction to review his claims. *See Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021) ("To the extent that Wharwood challenges the foreclosure action, we agree with the District Court that her challenge is barred by Rooker-Feldman from review in federal court.") (citing *Dorce v. City of N.Y.*, 2 F.4th 82, 104 (2d Cir. 2021)); *Pittman v. Viamonte Invs. Grp., LLC*, 855 F. App'x 292, 295 (7th Cir. 2021) ("[T]here is no federal subject-matter jurisdiction over Pittman's claims for injuries caused by the state court judgment in the eviction proceedings. This covers the majority of his claims

5

because it was the state court that caused his primary injury: the eviction and its collateral effects." (citations omitted)). Accordingly, Mr. Jorgenson's claims against MidFirst Bank and the KLM Law Group, which are predicated on the harm caused to Mr. Jorgenson by the state court's judgments, will be dismissed for lack of jurisdiction.[6]

### B.  The Claims are Barred by the Anti-Injunction Act

In any event, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining the impending eviction. Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Mr. Jorgenson's filings do not establish a plausible basis for concluding that any of those exceptions are met here. Indeed, several district courts in this circuit have held that the Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings. *See, e.g.*, *Coppedge v. Conway*, No. 14-1477, 2015 WL 168839, at **1-2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *E. Liggon-Redding v. Generations*, No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); *Mason v. Bank of Am., N.A.*, No. 13-3966, 2013 WL

---

[6] To the extent the Complaint can be liberally construed to assert any claims that are not barred by the *Rooker-Feldman* doctrine, those claims are not pled plausibly, and the Court cannot discern any other plausible basis for jurisdiction here.

6

5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act."). Because the Court lacks authority to enjoin the state court eviction proceeding, Mr. Jorgenson's request for relief in the form of a temporary injunction must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Jorgenson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction. The Court concludes that amendment would be futile, so Mr. Jorgenson will not be given leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.") An appropriate Order follows, which dismisses this case.